IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN PARRA,<br>    ID # 53832-177,<br>        Movant,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:18-CV-1244-D (BH)<br>No. 3:16-CR-286-D (15)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the movant's *Motion for Extension of Time to Perfect Appeal*, received on May 15, 2018 (doc. 2),[1] which expressly seeks a 45-day extension of time, until June 27, 2018, to file a motion under 28 U.S.C. § 2255. Based on the relevant findings and applicable law, this proceeding should be **DISMISSED** for want of jurisdiction.

**I. BACKGROUND**

John Parra (Movant), a federal prisoner, was convicted of conspiracy to possess with intent to distribute methamphetamine and sentenced to 108 months' imprisonment on May 30, 2017. (*See* doc. 681.) He argues that the one-year statute of limitations that applies to § 2255 motions is not a jurisdictional bar, and that extensions of time may therefore be granted. (*See* 3:18-CV-1244-D, doc. 2.) He claims that he needs additional time to prepare his § 2255 motion because his transfer between prison facilities limited his access to his legal materials. (*See id.*) He did not include a proposed § 2255 motion.

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:16-CR-286-D (15).

## II.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

The United States Court of Appeals for the Fifth Circuit has held that a district court lacks jurisdiction over a motion for extension of time to file a § 2255 motion if it is not accompanied by a § 2255 motion that presents claims for post-conviction relief.  *See United States v. Shipman*, 61 F. App'x 919 (5th Cir. 2003).  Without a § 2255 motion, "there is no case or custody to be heard, and any opinion . . .would be merely advisory." *Id.*, *quoting United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000); *see also Gray v. Quarterman*, No. 3:08-CV-2068-D, 2008 WL 5385010 (N.D. Tex. Dec. 23, 2008) (dismissing for lack of jurisdiction a motion for an extension of time to file a federal writ of habeas corpus filed solely in an attempt to toll the statute of limitations because federal courts do not decide hypothetical issues or give advisory opinions); *United States v. Williams*, No. 3:04-CR-193-M, 2007 WL 1670167 (N.D. Tex. June 4, 2007) (dismissing for lack of jurisdiction a motion for extension of time to file a § 2255 motion for the same reasons).  Accordingly, the Court lacks subject matter jurisdiction to rule on the motion for extension of time to file a § 2255 motion.

## III.  RECOMMENDATION

This action should be **DISMISSED** for want of jurisdiction.

**SIGNED this 16th day of May, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE